UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KIMBERLY A. DISANTO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:10-cv-120 |
| | ) |
| GENOVA PRODUCTS, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The Plaintiff alleges that on February 19, 2009, she was injured while making a delivery to the defendant's business when she slipped and fell on an icy, uncleared driveway. Relying on this Court's diversity jurisdiction under 28 U.S.C. § 1332, the plaintiff brought suit on March 3, 2010. The plaintiff now seeks to amend her complaint to add Fox Contractors Corporation, the entity allegedly responsible for clearing the driveway, as an additional defendant. (Docket # 24.)

A party may amend its pleading once as a matter of course twenty-one days after serving it; or twenty-one days after service of a responsive pleading or a Rule 12(b), (e), or (f) motion, whichever is earlier. Fed. R. Civ. P. 15(a)(1). Otherwise, it may amend only by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Leave to amend is freely given when justice so requires. *Id.* However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility. *Ind. Funeral Dir. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003); *Vogt v. Raymond James Financial Serv., Inc.*, No. 09-cv-83, 2009 WL 2602621, at *1 (E.D. Wis. Aug. 20, 2009) ("[A]mendment is . . . clearly futile when the court

would not have jurisdiction over the amended complaint.").

In the present case, amendment would be futile because the Amended Complaint does not establish this Court's diversity jurisdiction. To begin, the proposed Amended Complaint states that the plaintiff is a resident of Pennsylvania. (Docket # 24-1, ¶ 1.) The "residency" of a party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters." *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332; *Nilssen v. Motorola, Inc.*, 255 F.3d 410, 412 (7th Cir. 2001). "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted)). "For natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence.").

Furthermore, the proposed Amended Complaint alleges that, to the best of the Plaintiff's knowledge and belief, defendant Geneva Products is a Michigan-based company doing business in Indiana. This allegation is also insufficient because corporations "are deemed to be citizens of the state in which they are incorporated *and* of the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (emphasis added); *see* 28 U.S.C. § 1332(c)(1). Furthermore, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citing *Am.'s Best Inns*, 980 F.2d at

1074); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World*, LLC, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).

Finally, the Amended Complaint does not make any allegations about the citizenship of Fox Contractors, except for a reference in the caption that it is an Indiana corporation. As discussed, *supra*, corporations "are deemed to be citizens of the state in which they are incorporated *and* of the state in which they have their principal place of business." *N. Trust Co.*, 899 F.2d at 594.

Because the proposed Amended Complaint does not establish this Court's diversity jurisdiction, it would be futile to grant the motion to amend. *See Vogt*, 2009 WL 2602621, at *1; *McNeal v. Parson*, No. 3:06-cv-306, 2006 WL 2038588, at *1-2 (N.D. Ind. July 19, 2006).

Accordingly, the Plaintiff's motion for leave to file an amended complaint (Docket # 24) is DENIED WITHOUT PREJUDICE. The Plaintiff may re-file her motion, although the proposed Amended Complaint must fully establish this Court's diversity jurisdiction.

SO ORDERED.

Enter for January 10, 2011.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge