UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KIMBERLY A. DISANTO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:10-cv-120 |
| | ) |
| GENOVA PRODUCTS, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

Before the Court is a Verified Motion to Quash filed by Plaintiff Kimberly DiSanto, seeking to quash a subpoena duces tecum issued by Defendant Genova Products, Inc., to Plaintiff's liability expert witness, George Dorame. (Docket # 140.) Because the motion was filed in the wrong court, however, it will be denied.

To explain, the subpoena, which was issued by the Northern District of Indiana, was served to Mr. Dorame at his place of business in Phoenix, Arizona, and commanded him to appear for a deposition in Phoenix on October 30, 2014. Federal Rule of Civil Procedure 45(d)(2)(A) and (B) provide that "the court for the district court *where compliance is required*" may quash a subpoena, not the issuing court. (Emphasis added); *see Ellis v. Arrowood Indem. Co.*, No. 2:14-mc-146, 2014 WL 4365273, at * (S.D. W. Va. Sept. 2, 2014) ("Under post-2013 Rule 45, the proper court to resolve a motion to quash is the court in the district where compliance is required."). Therefore, the motion to quash should have been filed in the District of Arizona where the subpoena is to be enforced, not the Northern District of Indiana where the subpoena was issued.

For this reason, Plaintiff's Verified Motion to Quash (Docket # 140) is DENIED.[1]

SO ORDERED.

Entered this 4th day of November 2014.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[1] At this point, it is not even clear that the Plaintiff has standing to quash the subpoena. *See, e.g.*, *Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 516-17 (N.D. Ind. 2012).